Michele Anderson-West (9249)
**STAVROS LAW P.C.**
8915 South 700 East, Suite 202
Sandy, Utah 84070
Tel: (801) 758-7604
Fax: (801) 893-3573
michele@stavroslaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH-CENTRAL DIVISION**

| | |
|---|---|
| **BLAIR LAMPE, an individual,**<br><br>  Plaintiff,<br>v.<br><br>**DELTA AIRLINES INC., a foreign corporation,**<br><br>  Defendant. | **COMPLAINT**<br>**(Jury Demand)**<br><br><br>Case No. 2:21-cv-00176 TS<br><br>Judge Ted Stewart |

Plaintiff Blair Lampe, by and through her undersigned counsel, complains against Defendant Delta Airlines Inc., and for causes of action, alleges as follows:

## STATEMENT OF THE CASE

Ms. Lampe works for Delta Airlines Inc. ("Delta") as a grounds maintenance mechanic and has done so for the last 12 years. While her male counterparts with have been promoted to management positions and other leadership roles, Ms. Lampe remains in the position she held when she started at Delta 12 years ago. During her employment, Ms. Lampe has applied for and been denied not less than 18 promotions-each time the jobs were filled by less experienced men. Ms. Lampe has been denied overtime hours when her male counterparts worked overtime. Each time Ms. Lampe brought her concerns about discrimination to Delta-Delta defended its actions and denied Ms. Lampe was treated disparately because she is a woman. Ms. Lampe does not

1

expect Delta to come to terms with the concept that systematic discrimination exists throughout the company and brings this complaint to redress the wrongs Delta has ignored for the last 12 years.

## PARTIES, JURISDICTION AND VENUE

1. Ms. Lampe resides in Salt Lake County, State of Utah.

2. Delta is a for profit corporation doing business in Salt Lake County, State of Utah.

3. Ms. Lampe has exhausted her administrative remedies having filed a charge of discrimination with the Utah Labor Commission Antidiscrimination and Labor Division and the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue dated December 22, 2020.

4. This action is timely filed within ninety (90) days of Ms. Lampe's receipt thereof.

5. The employment practices alleged to be unlawful were committed in Salt Lake County, State of Utah, which is within the jurisdiction of the United States District Court for the District of Utah, Central Division. Accordingly, venue is proper pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §1391.

6. This Court has supplemental jurisdiction over Ms. Lampe's state law claims pursuant to 28 U.S.C. §1367.

7. At all times relevant herein, Delta acted by and through its agents, servants, and employees, each of whom acted, at all times relevant herein, in the course and scope of their employment with and for Delta at all times relevant herein.

# FACTUAL ALLEGATIONS

8. Ms. Lampe started working for Delta in 2009 as a Grounds Maintenance Mechanic ("GMM") at John F. Kennedy Airport in New York City ("JFK") with an hourly wage of $15.00 per hour.

9. Ms. Lampe is female.

10. Throughout her career with Delta, Ms. Lampe has been subjected to a culture of misogyny and sexism perpetuated by Delta and its agents which actions significantly and negatively altered Ms. Lampe's conditions of employment.

11. While this sexual harassment and disparate treatment occurred daily over the period of the last 12 years, some examples of discrimination include, but are not limited to, Ms. Lampe was told to "shut [her] pretty little mouth and stop chitchatting," in response to Ms. Lampe asking her manager for more overtime hours, was told "[a]ll women want to do is cost me money," her manager told her how "cute" she was pulling an air hose off the reel in the course of doing her job; Ms. Lampe's manager told her she was "too pretty to keep getting dirty," her co-worker kept a large sticker on his tool box that read: VICK LAGINA", she was told "you're too pretty to be a mechanic."

12. In addition to the above Ms. Lampe's managers routinely disregarded her education, credentials, experience and work ethic giving male employees overtime hours, that she was not given and promoting male employees with less education and experience than Ms. Lampe and leaving Ms. Lampe in the same job she has held for the last 12 years while male employees have gone on to receive promotions and receive more than three times Ms. Lampe's salary.

13. In March 2018, Ms. Lampe transferred from JFK to the Salt Lake International Airport ("SLC") where the discrimination and sexual harassment has continued.

14. Between March 2018 and the present, four (4) Grounds Maintenance Technician ("GMT") positions opened at SLC. Ms. Lampe applied for each of them. Four male employees with less experience than Ms. Lampe got the positions.

15. Even though Ms. Lampe had more seniority with Delta than male employees, since they were afforded the training for certificates, Ms. Lampe continued to be overlooked for and denied promotions.

16. Delta's unlawful practices have cost Ms. Lampe the opportunity to work in an environment free from discrimination and have prevented Ms. Lampe from the opportunities and monetary compensation afforded men. Throughout her career, these unlawful and discriminatory practices add up to an excess of $1,500,000 (one-million five hundred dollars) throughout her career.

## CAUSE OF ACTION
### *Title VII-Discrimination*

17. Ms. Lampe hereby incorporates as though restated herein each of the factual allegations set forth in the preceding paragraphs of the Complaint.

18. Title VII of the Civil Rights Act of 1964, as amended, prohibits discrimination by an employer against an employee on the basis of sex.

19. Delta knew or reasonably should have known that its mechanics, technicians, Leads, and managers were engaging in the unlawful and misogynistic behavior and promotional practices alleged above and harassed and discriminated against Ms. Lampe.

20. Delta had a duty to maintain a workplace free from harassment, discrimination, and retaliation.

21. The adverse employment actions taken against Ms. Lampe including failure to promote were motivated by her sex.

22. Notwithstanding such duty, Delta failed to take sufficient actions to maintain a workplace free from harassment and discrimination and failed to implement and enforce an effective discrimination and harassment policy.

23. Delta's failure to enforce the law and to protect Ms. Lampe constitutes negligence and makes it liable to Ms. Lampe for her damages alleged herein.

24. Delta failed to establish, monitor and enforce an effective anti-harassment policy, had no clear and effective mechanism in place for reporting harassment in GSE, and knowingly or negligently failed to supervise employees in a manner that would prevent the harassment, intimidation and abuse that Ms. Lampe received.

25. Delta's actions or inactions have directly and proximately caused Ms. Lampe substantial past and future economic loss, including lost wages, profit sharing, 401(k) and stock options, medical expenses, damage to her career and professional reputation, extreme humiliation, emotional distress and pain and suffering in an amount to be determined at trial.

26. Delta Air Lines actions were taken with malice and were wanton, reckless and in knowing disregard of Ms. Lampe's legal rights and, as such, renders Delta liable for punitive damages in the amount to be determined at trial.

27. Ms. Lampe is also entitled to her reasonable expenses and attorneys' fees pursuant to Title VII.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Blair Lampe requests a trial before a jury.

## CONCLUSION & REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.      For a ruling and judgment in favor of Plaintiff and against Defendant for all causes of action asserted herein;

b.      For all wages, compensation and other economic benefits lost as a result of actions and omissions of Defendant;

c.      For all special and general damages available to Plaintiff, including pecuniary and non-pecuniary losses;

d.      For an award of attorney's fees and costs, as allowed by the foregoing claims;

e.      For an award of punitive damages;

f.      For prejudgment and post-judgement interest as allowed by law; and

g.      For such additional and other relief, the court deems just and equitable.

Dated this 23rd day of March 2021.

 /s/ Michele Anderson-West
Michele Anderson-West
STAVROS LAW P.C.
*Attorneys for Plaintiff*