IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BLAIR LAMPE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>DELTA AIR LINES INC., a foreign corporation,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br><br>Case No. 2:21-CV-176 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons discussed below, the Court will grant the Motion.

I.  BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint and are accepted as true for the purposes of this Motion.

Plaintiff began working for Defendant as a ground maintenance mechanic ("GMM") at John F. Kennedy Airport ("JFK") in New York. Plaintiff complains that she faced near-daily sexual harassment by Delta employees while working at JFK. This included name calling, being given menial tasks, and not being given the opportunity to gain valuable experience. Plaintiff contends that when she complained, her complaints went ignored.

In 2017, Plaintiff applied for a grounds maintenance technician ("GMT") position in Salt Lake City. Plaintiff did not get the position, which was instead given to a man with less experience. Plaintiff contends that she lost out on the position because she had not been given the same training as her male counterparts.

1

In March 2018, Plaintiff transferred to Salt Lake City, still as a GMM. Plaintiff expressed interest in, and was given, a role as a training coordinator. However, Plaintiff was not given any additional pay or benefits for the role.

In February 2019, Plaintiff again applied—now for the 13th time—for a GMT position. Plaintiff was not selected for the position and instead two men were promoted ahead of her. In March 2019, Plaintiff filed a formal complaint with Defendant's human resource department. An investigation into Plaintiff's complaints is ongoing.

In January 2020, Plaintiff applied for a technical analysist position, but was not considered.

In September 2020, Plaintiff's airport security badge privileges were not renewed at the Denver airport. While Plaintiff was told that Salt Lake City was no longer going to support that operation, she alleges that technicians from Salt Lake were still being sent to Denver. Similar incidents occurred when Plaintiff requested badge privileges in Jackson Hole and Reno.

Plaintiff also complains that she was never assigned to monitor a de-ice operation while her male counterparts were.

In November 2020, Plaintiff interviewed for a position of regional contracts manager. Plaintiff did not get that position. Instead, it was given to a man with less experience. Plaintiff again spoke with human resources about her concerns but was rebuffed.

In March 2021, Plaintiff expressed interest in, and was given, an environmental and safety coordinator role. Again, Plaintiff was not given any extra pay or benefits.

In early spring 2021, Plaintiff applied for a lead GMT position.  Plaintiff alleges that she was the only female applicant and the only applicant required to take a mechanical aptitude test.  Ultimately, she was not selected.

In May 2020, Plaintiff filed her charge of discrimination with the EEOC.  Plaintiff received her right to sue letter on December 22, 2020.  Plaintiff filed her original Complaint on March 23, 2021, asserting a single claim for discrimination on the basis of sex.  Plaintiff filed her Amended Complaint on May 17, 2021, asserting claims of disparate treatment and disparate impact under Title VII, breach of contract, and breach of the implied covenant of good faith and fair dealing.  Defendant seeks dismissal of all claims.

## II. MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1]  Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court not only considers the complaint "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8]  The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

### III.  DISCUSSION

Plaintiff's Amended Complaint asserts claims of disparate treatment and disparate impact under Title VII, breach of contract, and breach of the implied covenant of good faith and fair dealing.

---

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations, quotation marks, and alterations omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

A.     DISPARATE TREATMENT

Defendant seeks dismissal of Plaintiff's disparate treatment claim.  Defendant argues that all discrete acts prior to July 19, 2019, are time barred.  Defendant further argues that all discrete acts that occurred after July 19, 2019, that are not included in Plaintiff's charge of discrimination have not been administratively exhausted, which leaves no timely exhausted claims.

Title VII requires a plaintiff to file a charge of discrimination within 300 days "'after the alleged unlawful employment practice occurred.'"[10]  "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter."[11]  Further, "each discrete incident of [discriminatory or retaliatory] treatment constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted."[12]

Here, Plaintiff filed her charge of discrimination on May 14, 2020.[13]  Thus, claims regarding discrete acts of discrimination occurring prior to July 19, 2019, are not timely.  Plaintiff has listed a number of discrete acts of discrimination that occurred prior to July 19, 2019.  These include her treatment at JFK, her failure to obtain a GMT positions from 2017 to

---

[10] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 104–05 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)).

[11] *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (internal quotation marks and citation omitted).

[12] *Martinez v. Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Morgan*, 536 U.S. at 110–13).

[13] Docket No. 13-1.  The Court may consider Plaintiff's charge of discrimination without converting this Motion into one for summary judgment because it is referred to in Plaintiff's Complaint, is central to Plaintiff's claims, and the parties do not dispute its authenticity.

February 2019, and her allegation that she was given lesser pay than her male counterparts between March 2018 and March 2019.

Plaintiff concedes that such acts are beyond the limitations period but suggests that these acts are provided for background evidence for her claims. The Supreme Court has stated that even when discrete acts are untimely, Title VII does not "bar an employee from using the prior acts as background evidence in support of a timely claim."[14] However, as will be discussed, there are no exhausted timely claims. Therefore, all claims related to discrete acts that occurred prior to July 19, 2019, are dismissed.

Defendant next argues that the remaining allegations supporting Plaintiff's disparate treatment claim were not included in her charge of discrimination and, therefore, have not been exhausted. Plaintiff counters that any discrete acts occurring after July 19, 2019, have been fully exhausted based on her filing of a charge of discrimination. However, the charge of discrimination largely focuses on acts that occurred prior to July 19, 2019, as discussed.[15] Plaintiff contends that she should not be required to file a new charge of discrimination for every discrete act that occurred after her original charge, but this argument is directly contrary to Tenth Circuit precedent. The Tenth Circuit has held that "where discrete incidents of discrimination occur after an employee files an initial EEOC charge, the employee must file an additional or

---

[14] *Morgan*, 536 U.S. at 113.

[15] Plaintiff does state in her charge of discrimination that she was paid less than GMTs between March 2019 and March 2020. However, to succeed in a case of pay discrimination, Plaintiff must show "that she occupies a job similar to that of higher paid males." *Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1363 (10th Cir. 1997) (internal quotation marks and citation omitted). Plaintiff's allegations make clear that GMMs and GMTs are significantly different. Therefore, even though this claim was exhausted, it fails.

amended charge with the EEOC to satisfy the exhaustion requirement as to discrete incidents occurring after the initial charge"[16] Thus, those discrete acts of discrimination that occurred after May 14, 2020, have not been exhausted.

In an apparent attempt to remedy this problem, Plaintiff provided the Court with what appears to be an amended charge.[17] The Court declines to consider that document. Doing so would require the Court to convert the Motion into one for summary judgment, which it declines to do. Unlike the May 14, 2020 charge of discrimination, the new charge is not referenced in the Amended Complaint and is not central to Plaintiff's claims; nor could it be as it was dated three months after the Amended Complaint was filed. Further, Defendant appears to dispute its authenticity, noting that it is unclear whether the charge has actually been filed.[18] Even assuming that it has been filed, there is no suggestion that Plaintiff has received a right to sue letter for these claims.[19] Without a right to sue letter, Plaintiff has yet to exhaust her administrative remedies as to these claims.[20] The Court expresses no opinion as to whether Plaintiff may pursue these claims in a later proceeding, but the amended charge does nothing to save the claims now before the Court.

---

[16] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018).

[17] Docket No. 19.

[18] Docket No. 20, at 4 n.3.

[19] *See EEOC v. W.H. Braum, Inc.*, 347 F.3d 1192, 1198 (10th Cir. 2003) (stating that "the EEOC has exclusive jurisdiction over the claim for the first 180 days after the charge is filed").

[20] 42 U.S.C. § 2000e-5(f)(1).

B.    DISPARATE IMPACT

Defendant also argues that Plaintiff's disparate impact claim is subject to dismissal because it has not been exhausted and is untimely.[21] "To establish a prima facie claim of disparate impact, a plaintiff must demonstrate that (i) a specific identifiable employment practice or policy caused (ii) a significant disparate impact on a protected group."[22] Plaintiff's charge of discrimination is completely devoid of any reference to an employment practice or policy that caused a disparate impact on a specific group. Thus, Plaintiff has failed to exhaust this claim.[23]

Even if it had been exhausted, it is untimely. The statute of limitations for any claim ran ninety days after the issuance of the right to sue letter.[24] Plaintiff alleges that the EEOC issued a right to sue letter on December 22, 2020.[25] While Plaintiff's initial Complaint was timely filed, Plaintiff's first mention of a disparate impact claim did not come until her Amended Complaint, 148 days after the EEOC issued the right to sue letter. Plaintiff does not respond to this argument and, thus, makes no attempt to show that her disparate impact claims relate back to her original complaint.[26] The Supreme Court has held that relation back is improper when the amended claim "asserts a new ground for relief supported by facts that differ in both time and

---

[21] Defendant also argues that this claim is insufficiently pleaded. The Court need not reach this argument.

[22] *Semsroth v. City of Wichita*, 304 F. App'x 707, 719 (10th Cir. 2008).

[23] *See id.* at 720 (holding that plaintiffs failed to exhaust a disparate impact claim where the "EEOC charges do not specifically reference specific employment practices that resulted in disparate impact, nor do they include any factual allegations that would give rise to a reasonable expectation of an administrative investigation for a claim of disparate impact").

[24] 42 U.S.C. § 2000e-5(f)(1); *W.H. Braum, Inc.*, 347 F.3d at 1198.

[25] Docket No. 5 ¶ 3.

[26] Fed. R. Civ. P. 15(c)(1)(B).

type from those the original pleading set forth."²⁷ Here, Plaintiff's original Complaint was limited to a claim of sex discrimination and did not reference a policy that caused a significant disparate impact on a protected group. Therefore, this claim does not relate back to the initial Complaint and is untimely.

C.   CONTRACT CLAIMS

Plaintiff also asserts state law claims for breach of contract and breach of the covenant of good faith and fair dealing. The Tenth Circuit has suggested that "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."²⁸ In deciding whether to retain jurisdiction, a court should consider factors including "the values of judicial economy, convenience, fairness, and comity."²⁹ Considering these factors, the Court declines to exercise supplemental jurisdiction over these claims.

III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 13) is GRANTED.

---

²⁷ *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

²⁸ *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998)); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

²⁹ *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

DATED this 31st day of August, 2021.

                        BY THE COURT:

                        _____

                        Ted Stewart
                        United States District Judge